Paul Gotay
CLAIMANT, *PRO SE*
7201 Mission Hills Drive
Las Vegas, Nevada 89113

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM IN SUPPORT OF CLAIMANT PAUL GOTAY'S MOTION OPPOSING UNITED STATES' MOTION TO STRIKE CLAIM** |
| Plaintiff, | |
| vs. | |
| **REAL PROPERTY LOCATED AT (REDACTED)** Layton, Utah 84040, et al., | Case No. 1:07CV00006 TS |
| Defendants. | Judge Ted Stewart |

---

COMES NOW Claimant, Paul Gotay, *pro se*, and hereby submits this memorandum in support of his motion opposing the United States' motion to strike claim for the reasons and argument set forth below.

### FACTS

1.      The United States argued that Claimant Paul Gotay (" Mr. Gotay") should be disqualified as counsel for Defendants Susan G. Ross and John D. Ross in the case of *United States v. Ross,* Case No. 1:06CR00097 (U.S.D.C. Utah) for their roles in the scheme were

different and as a result, the possibilities of inconsistent and possible antagonistic defenses was high.

2. The United States also supported their request to have Mr. Gotay disqualified as counsel by alleging "financial dealings" with Defendants John Ross and Sue Ross implicated him as a potential witness.

3. As a result, the Court granted the United States' motion and ordered Mr. Gotay's disqualification (See, EXHIBIT "A").

4. Though the Court has lifted the stay for the present civil forfeiture action, the sentencing of Defendant Susan Ross is set for is set for December 14, 2009 and Mr. Gotay's status as a witness on behalf of Defendant Susan Ross, could burden his right against self incrimination for the United States has threatened to indict Mr. Gotay on criminal money laundering charges.

5. Though Mr. Gotay did not request the Court for an extension of time to respond to the complaint, his predicament continues to exist while that of Defendant Susan Ross, whose extension of time was granted is moot since she has entered a guilty plea.

6. To this end, the United States has attempted to coerce the Defendants John Ross and Sue Ross into providing unfounded incriminatory testimony against Gotay in exchange for a lenient sentence recommendation.

7. Mr. Gotay advised the United States' attorney, Cy H. Castle, in a telephone conversation that it would be of mutual benefit that they meet prior to the sentencing of

Defendant Susan Ross to discuss the status and possible resolution of forfeiture before proceeding any further.

## ARGUMENT

Mr. Gotay has claimed invest interest and ownership of funds held in Home Savings Bank Account #XX-XXXX8618. Mr. Gotay has filed a verified statement of interest pursuant to 18 U.S.C. §983(a)(4)(A) and Rule C(g) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (See, EXHIBIT "B").

It's purpose "provides the government with timely notice of claimant's interest in contesting the forfeiture and, [because it is] a sworn claim, [ ] deters(s) the filing of false claims." *United States v. $13,970.00 in U.S. Currency,* 2007 WL 1231659 (M.D. Ga. 2007). In referenced case, the claimant was given an opportunity to correct his oversight but failed to do so. The fact that the claimant had answered the complaint could not remedy the need to file a verified claim for it is "a prerequisite to the right to file an answer and defend on the merits." Id. (Citing *United States v. Fourteen Handguns,* 524 F. Supp. 395, 397 (S.D. Tex. 1981). Mr. Gotay's action preserved his standing to have his matter decided on its merits.

The United States concludes that Mr. Gotay's failure to file an answer so as to "state his defenses and to admit or deny Plaintiff's advertments" within twenty (20) days after the filing of the claim is to be strictly complied with. They have misinterpreted *United States v. U.S. Currency in the Sum of $261,480,* 2002 WL 827420 at *1 n.3 (E.D.N.Y. 2002) for further reading of said case quotes *United States v. Amiel,* 995 F.2d 367, 371 (2d. Cir. 1993)

by stating "... However, a court has discretion to depart from the strict compliance standard." Furthermore, "granting a motion to strike is a drastic measure that is generally disfavored by Federal Courts." *United States v. 1876.76 Board Feet and 11 Doors and Casings*, 2008 WL 839792 (E.D. Va. 2008).

The United States would be hard pressed to argue that Mr. Gotay's failure to answer their complaint would be prejudicial to the moving party. On August 21, 2007 the Utah State Bar notified Mr. Gotay that an informal complaint had been filed against him. The allegations made were obviously founded on arguments previously stated against Mr. Gotay by the United States, in the Defendants John Ross and Sue Ross criminal proceedings. On ¶ 1 of page 3 of the Complaint, the United States summarizes and acknowledges that Mr. Gotay's claim for said funds is due to legal fees earned from Defendants John Ross and Sue Ross (See, EXHIBIT "C"). Mr. Gotay does not insinuate that the Utah State Bar's hearing substitutes for the formality prescribed by Federal Procedure Rules. Considering that the Utah State Bar dismissed the allegations of unprofessional conduct as levied by the United States against Mr. Gotay, we can however assume that claiming ignorance as a reason to strike Mr. Gotay's claim would be unjustified.

## CONCLUSION

Mr. Gotay filed a claim on February 22, 2007 as to the funds held in the Home Savings Bank Account #XX-XXXX8618 in and amount of at least $381,000 in U.S. currency. Mr. Gotay's present legal predicament as to his status as a witness in the

Defendant Sue Ross criminal proceeding; potential criminal charges that could be levied against; and his understanding that these matters would be addressed prior to the sentencing of Defendant Sue Ross would serve to excuse his failure to answer the United States' forfeiture complaint. Therefore Mr. Gotay's claim should not be stricken and his request that the status of his answer be postponed until the hearing scheduled on January 20, 2010.

DATED this 3 day of December, 2009.

*[signature]*
PAUL GOTAY
Claimant, *pro se*