# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**REAL PROPERTY LOCATED AT LAYTON, UTAH 84040, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:07-cv-0006-TS-PMW<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] This case is a civil forfeiture action initiated by the United States of America ("Plaintiff").[2] Claimant Paul Gotay ("Gotay") has filed a claim to certain of the assets that are the subject of the case.[3]

Before the court is Gotay's motion concerning a notice for his deposition issued by Plaintiff.[4] Gotay moves the court for a protective order prohibiting Plaintiff from taking his deposition. As alternatives to that request, Gotay moves the court for an order either allowing his

---

[1] *See* docket no. 65.

[2] *See* docket nos. 1, 8.

[3] *See* docket no. 21.

[4] *See* docket no. 90.

deposition to be taken telephonically or requiring Plaintiff to pay for Gotay's expenses for traveling to Utah for the deposition.

A district court's decision on a motion for a protective order under rule 26(c) of the Federal Rules of Civil Procedure is reviewed for an abuse of discretion. *Kidd v. Taos Ski Valley*, 88 F.3d 848, 853 (10th Cir. 1996); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and [the reviewing court] will not set aside discovery rulings absent an abuse of that discretion." (quotations and citation omitted)). In relevant part, rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery . . . .

Fed. R. Civ. P. 26(c)(1)(A)-(C).

Neither party has cited any binding case law interpreting that rule in the context of a dispute about a deposition in a civil forfeiture action. However, Plaintiff has relied upon a case from the Southern District of California addressing that precise issue, which the court views as persuasive authority. *See United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624 (S.D. Cal. 2001). Notably, Gotay did not file a reply memorandum within the time allowed to respond

2

to Plaintiff's arguments and reliance upon that case. The court is persuaded to consider many of the same factors considered by the court in *$160,066.98 from Bank of Am.*, as set forth below.

First, "[c]ourts have departed from the fiction that the property itself is the party in an *in rem* action." *Id*. at 626 (quotations and citations omitted). Accordingly, as a result of his filing of a claim in this civil forfeiture action, Gotay is a "part[y] to this action for purposes of resolving discovery disputes." *Id*. at 627.

Second, the court has determined that "special circumstances exist in this case to depart from the general rule that a plaintiff may expect to depose the defendant at the latter's residence or place of business." *Id*. at 627 (quotations and citation omitted). "Parties joining litigation subject themselves to the jurisdiction of the court where the action is filed. They take advantage of the federal rules of discovery and rely on the jurisdiction's administration of justice. In such circumstances, exceptions to the general rule on the location of depositions are not uncommon." *Id*. (quotations and citation omitted). In this case, Gotay has filed a claim involving money that was presumably accumulated in this district through transactions he conducted while residing in this district, and the money remains on deposit in this district. *See id*. Further, Gotay's claim demonstrates that his place of business was in this district at the time the claim was filed.[5] Given those facts, the court concludes that it was foreseeable that Gotay would need to return to this district to participate in this case. *See id*.

---

[5] *See* docket no. 21.

Third, Gotay has failed to persuade the court that "good cause" exists in support of his request for a protective order. Fed. R. Civ. P. 26(c)(1). Gotay has included only conclusory statements to support his claim that Plaintiff is seeking his deposition only as a way to embarrass him. The court recognizes Gotay's assertion that he is proceeding pro se in this case, as well as his unsupported and conclusory assertions that he is retired and has a limited source of income; however, those assertions do not constitute an adequate showing that the deposition will subject him to "*undue* burden or expense." *Id*. (emphasis added); *see also $160,066.98 from Bank of Am*., 202 F.R.D. at 628 ("Only '*undue* burden or expense' provides a potential basis for relief from legitimate discovery demands. 'Undue' burden requires parties to show more than expense or difficulty." (quoting Fed. R. Civ. P. 26(c))). Further, the court finds it noteworthy that Gotay has traveled to Salt Lake City, Utah, for two scheduling hearings in this case without filing any requests that he be allowed to attend those hearings telephonically.[6] Finally, Gotay's assertion that he may invoke the Fifth Amendment during portions of his deposition is not a persuasive reason to prohibit his deposition altogether, particularly where Gotay has no direct knowledge of the questions that Plaintiff plans to ask at that deposition.

Fourth, the court is not persuaded by Gotay's arguments under rule 26(b)(2)(C), in which he asserts that his deposition should be prohibited because he has responded to Plaintiff's written discovery requests and "has for all intent and purposes submitted all information that Plaintiff

---

[6] *See* docket nos. 64, 80.

could use preparing for this lawsuit."[7] *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."). The fact that Gotay has responded to Plaintiff's written discovery requests does not mandate the conclusion that his deposition falls within any of the categories of discovery identified in rule 26(b)(2)(C). Furthermore, Plaintiff is not required to accept Gotay's assessment that his deposition is unnecessary in this case. Under the circumstances, the court is unwilling to prohibit Plaintiff from conducting such basic discovery as a deposition of a party to this case.

Finally, the court is not persuaded that Gotay's alternative requests are either necessary or appropriate. For the same reasons that the court relied upon above in concluding that Gotay has failed to demonstrate undue burden or expense, the court will not require Plaintiff to pay Gotay's expenses for traveling to Utah for the deposition. In addition, the court concludes that a telephonic deposition is not appropriate. The court shares Plaintiff's concerns about the

---

[7] Docket no. 90 at 5.

difficulties a telephonic deposition presents concerning the effective evaluation of Gotay's demeanor during the deposition. Moreover, as the court has already noted, Plaintiff is not simply seeking to take the deposition of a witness; Gotay has filed a claim in this case and is a "part[y] to this action for purposes of resolving discovery disputes." *$160,066.98 from Bank of Am.*, 202 F.R.D. at 627.

Based on the foregoing, Gotay's motion for a protective order and for alternative relief[8] is **DENIED**. In its response to Gotay's motion, Plaintiff requested that Gotay be ordered to appear for his deposition on a particular date, and that date has passed. Accordingly, Plaintiff's counsel and Gotay are directed to confer to select an acceptable date for Gotay's deposition at the offices of Plaintiff's counsel in Salt Lake City, Utah. Once a date is agreed upon and the deposition is properly noticed, Gotay shall attend that deposition in person and bear his own expenses and costs associated with his attendance. Should the parties be unable to agree on a date, Plaintiff is directed to notify the court in a timely manner, and the court will set and order Gotay's deposition for a date and time certain, irrespective of convenience to the parties.

**IT IS SO ORDERED**.

DATED this 19th day of August, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 90.