IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT LAYTON, UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING CLAIMANT GOTAY'S MOTION TO SEVER<br><br><br><br>Case No. 1:07-CV-6 TS |

In this civil forfeiture proceeding, claimant Paul Gotay (Gotay) moves to sever or bifurcate under Fed. R. Civ. P. 21 or 42. He argues that the government's theory against the other claimants are legally and factually different from that against him, that his single claim will be lost in the many other claims, and that there is a possibility that the wrongdoing of others may be imputed to him unless there is severance or bifurcation.

The government emphasizes the nature of a civil forfeiture proceeding as claims against property rather than against individuals and argues that Gotay has not met the standard for severance or bifurcation. The government does not oppose severance or bifurcation as to the claims of Susan Ross and John Ross because those claims have

1

been dismissed pursuant to settlements.

> [C]ivil forfeiture is an in rem proceeding against the property that the government seeks to obtain, without regard to the guilt or innocence of the property owner "because the theory is that the property itself has committed the wrong."[1]

Like the other claimants, Gotay seeks to protect his claimed interest in property with an alleged connection to the alleged offenses of Susan Ross and John Ross.

The Tenth Circuit has explained the different effects of severance under Rule 20 and Rule 42:

> Separate trials ordered pursuant to Fed. R. Civ. P. 42(b) must be distinguished from a severance under Rule 21. Under Rule 42:
>
>> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues. . . .
>
> Conversely, Rule 21 allows "[a]ny claim against a party [to] be severed and proceeded with separately." Separate trials under Rule 42(b) result in a single judgment while claims severed under Rule 21 become independent actions with separate judgments entered in each.[2]

Severance under Fed. R. Civ. P. 21 provides a remedy for misjoinder or nonjoinder of parties.[3] "Misjoinder [under Rule 21], on the other hand, occurs when there is no

---

[1] *United States v. Moya-Gomez,* 860 F.2d 706, 721 n.15 (7th Cir. 1988) (quoting *United States v. Nichols*, 841 F.2d 1485,1486 (10th Cir. 1988)).

[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 n.8 (10th Cir. 1991) (quoting Fed. R. Civ. P. 42 and citations omitted).

[3] Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2386 (2010 supp.)

2

common question of law or fact or when . . . the events that give rise to the *plaintiff's* claims against defendants do not stem from the same transaction."[4]

The Court finds that there is no showing of misjoinder of parties in the present case. Gotay, like the other claimants, has intervened in this case to protect his claimed interest in one of the properties. All of the properties are alleged to "constitute properties used to commit, facilitate, [be] involved in and were proceeds of"[5] the Susan Ross' and John Ross' violations of one or more of four federal statutes and to be subject to forfeiture. As the government acknowledges, it will have the "initial burden of establishing that a crime was committed and that all of the property was derived from or was used to commit the crime."[6]

The government must meet its burden as to all of the property that is the subject of this action, including that in which Gotay asserts an interest. Because the allegations that give rise to the government's claims that all of the property named in its complaint is subject to forfeiture all stem from the alleged wrongdoing of the same two individuals, the property subject to the Complaint for civil forfeiture all relates to the same series of events. This connection, and the government's need to present the same information to meet its initial burden as to all of the property, establishes that there is no misjoinder as to the

---

[4]*Nasious v. City and County of Denver-Denver Sheriff's Dept.*, 2011 WL 595789, at *3 (10th Cir. 2011) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)) (emphasis added).

[5]Docket No. 8, Redacted Complaint at 29.

[6]Govt's Mem. at 6; *see also United States v. $291,828.00 In U.S. Currency*, 536 F.3d 1234, 1237 (11th Cir. 2008) ("To obtain civil forfeiture, the government must establish by a preponderance of evidence 'a substantial connection between the property and the offense.'") (quoting 18 U.S.C. § 983(c)(1) and (3))).

3

parties who have now asserted claims to that property. Thus, Rule 21 severance does not apply.

As to separate trials under Rule 42, the Court finds that Gotay has not shown that he will be prejudiced by a single trial. The trial is scheduled for a bench trial so there is no consideration that a jury will be confused by allegations of wrongdoing by other claimants. The number of claimants remaining in this case and the number of properties are not so numerous that it is likely that Gotay's claim will be lost or confused with those of other claimants. Further, separate trials would not be conducive to expedition and economy because, as noted above, the government must make the same initial showing for all of the property. It is correct that Gotay's claim is based on a different transaction that other claimants. However, that is not an unusual situation with claimants in civil forfeiture proceedings. It is therefore

ORDERED that Gotay's Motion to Sever (Docket No. 82) is DENIED.

DATED   March 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge