IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT (REDACTED) Layton, Utah 84040, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S MOTIONS<br><br><br><br>Case No. 1:07-CV-6 TS |

This matter is before the Court on the United States of America's (the "Government") Motion for Summary Judgment Against Funds Seized from Home Savings Bank Account # (Redacted) 8618 in the Name of Paul Gotay of at least $381,000.[1] Also before the Court is the Government's Motion to Strike the Claim of American First Builders ("AFB").[2] For the reasons discussed below, the Court will grant both motions.

---

[1] Docket No. 163.

[2] Docket No. 161.

I. BACKGROUND

Around May 2005, law enforcement began investigating John and Susan Ross (the "Rosses") for misappropriating money from a federally funded program. Prior to the Rosses being indicted, but while the Rosses were under investigation, FBI agents served a number of seizure warrants on accounts held in the names of Susan Ross or John Ross at a number of financial institutions. When the Rosses realized their assets were being seized they contacted an attorney, Paul Gotay.

The Rosses hired Mr. Gotay pursuant to a written "Representation Agreement" on May 9, 2005. Under the terms of the Representation Agreement, Mr. Gotay was to receive a $50,000 non-refundable fee up front; $50,000 upon the filing of state or federal charges; and $50,000 upon the commencement of trial. The Representation Agreement also contained a clause indicating that "non-refundability is conditioned on the absence of default by the Attorney."[3] Moreover, the Representation Agreement provided that "[i]n the event collection or legal proceedings are necessary regarding payment of any or all fees hereunder, the prevailing party shall be responsible for all recovery costs, including a reasonable Attorney's fee."[4] Mr. Gotay received two payments from the Rosses totaling $56,000 that he deposited into his law firm business account.

During a discussion as to the seizure of the Rosses assets, Mr. Gotay instructed the Rosses to contact their various accounts and determine whether all their assets had been seized.

---

[3]Docket No. 166 Ex. F, at 1.

[4]*Id*.

The Rosses learned that their Vanguard Group accounts had not been seized. The Vanguard Group accounts held a total of $381,000. Mr. Gotay advised the Rosses to withdraw the money from the Vanguard Group accounts and deposit it in a new account where it could be used for legal fees. On November 6, 2006, the Rosses accompanied Mr. Gotay to Home Savings Bank where Mr. Gotay opened a new account under his name and deposited the $381,000. The Rosses were not joint account holders. According to Mr. Gotay, the $381,000 was to act as a litigation fund.

On November 15, 2006, a federal seizure warrant was issued for the seizure of the Home Savings Bank account. Subsequently, on November 16, 2006, the FBI served the seizure warrant and seized the $381,000.

The Rosses were indicted on November 21, 2006. On December 14, 2006, Mr. Gotay was disqualified from representing the Rosses in their criminal case. Both John and Susan Ross subsequently entered guilty pleas, pursuant to which they each forfeited any right to the $381,000 held in the Home Savings Bank account.[5] Mr. Gotay claims that he has a claim of between $43,000 and $50,000 for unpaid legal fees from the $381,000 dollars in question.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[6] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury

---

[5] *See id*. Ex. A, at 6 & *id.* Ex. B, at 5.

[6] FED. R. CIV. P. 56(a).

could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

### III.  DISCUSSION

A.   SUMMARY JUDGMENT

The Government argues that there is no genuine issue of material fact that Mr. Gotay is not an innocent owner of any portion of the $381,000 and, therefore, does not have standing to challenge the forfeiture of the entire amount of $381,000.  Mr. Gotay counters that the Government has not demonstrated that there is no question of material fact as to whether (1) there is probable cause to believe the property is subject to forfeiture and (2) whether he lacks evidence of an affirmative defense that would entitle him to judgment against the Government.

1.   THE ROSSES' INTEREST

Mr. Gotay first argues that "[t]he Government mistakenly asserts that it has met its burden of proof since John and Susan Ross pled guilty to a crime."[9]  The Government recognizes that "[i]nitially, 'the burden of proof is on the Government to establish, by a preponderance of the evidence, that . . . property is subject to forfeiture.'"[10]  The Government argues that it has

---

[7]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8]See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[9]Docket No. 166, at 1.

[10]Docket No. 164, at 10 (quoting 18 U.S.C. § 983(c)(1)).

demonstrated, by a preponderance of the evidence, that the $381,000 is proceeds of a copyright violation and money laundering and is subject to forfeiture through the guilty pleas entered by John and Susan Ross.

Civil forfeiture proceedings are governed by 18 U.S.C. § 983.  Section 983(c) provides that "[i]n a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."

Mr. Gotay does not dispute that both John and Susan Ross entered guilty pleas in the underlying criminal matter.  It is also undisputed that both John and Susan Ross agreed to forfeit all right, title and interest in the funds in question in their respective statements in advance of plea.[11]  Furthermore, in each of their statements in advance of plea, the Rosses attest that the $381,000 in dispute was the "proceeds of the offense alleged."

Based on these admissions, the Court finds that there is no genuine issue of material fact that the Government has demonstrated by a preponderance of the evidence that the $381,000 held in the Home Savings Bank account is subject to forfeiture.  Therefore, the Court finds, as a matter of law, that the Government has met its burden as to forfeiture of the Rosses' interest in the Home Savings Bank account.

    2.    MR. GOTAY'S INTEREST

Mr. Gotay next argues that he has a declared and acknowledged interest of $50,000 in the Home Savings Bank account pursuant to his representation agreement with the Rosses.  The

---

[11]*See* Docket No. 164-3, at 5; Docket No. 164-2, at 6.

Government asserts that (1) Mr. Gotay has been paid for all the legal work he provided to the Rosses and is not owed any more money; (2) even if Mr. Gotay is owed $44,000, he has no ownership interest in the $381,000 because he is an unsecured creditor; and (3) Mr. Gotay is not an innocent owner because he had reason to believe that the $381,000 was subject to forfeiture.

Mr. Gotay's claim fails for a number of reasons. First, without arriving at the merits of Mr. Gotay's claim for an additional $44,000 under the Representation Agreement, the Court notes that any such right would not have perfected until after the $381,000 held in the Home Savings Bank were seized. Under the terms of the Representation Agreement, Mr. Gotay was entitled to a second installment payment of $50,000 upon filing of an indictment. It is undisputed that on November 15, 2006, a federal seizure warrant was issued for the seizure of the Home Savings Bank account and on November 16, 2006, the $381,000 was seized. The Rosses were subsequently indicted on November 21, 2006. As a result, any right Mr. Gotay may have to payment of an additional $44,000 did not exist until after the $381,000 had been seized. For this reason alone, Mr. Gotay cannot claim a ownership interest in the property.

Mr. Gotay's claim of ownership in the $381,000 also fails because Mr. Gotay does not qualify as an innocent owner under 18 U.S.C. § 983. Section 983(d) provides a defense for those who feel that they are innocent owners of property and thus should not lose their rights through forfeiture. It provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence."[12] Section 983(d)(3)(A) further instructs:

---

[12] 18 U.S.C. § 983(d)(1).

> With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

Arguably, Mr. Gotay cannot meet either of the two prongs provided above to qualify as an innocent owner. First, it is arguable whether Mr. Gotay is entitled to any portion of the $381,000 based upon the representation agreement. However, that issue is disputed.

Secondly, and most detrimental to Mr. Gotay's case, is that he knew and had cause to believe that the property was subject to forfeiture. Mr. Gotay does not dispute that he directed the Rosses to remove the $381,000 from their Vanguard Group accounts after discovering that the Rosses other assets had been seized. Indeed, Mr. Gotay recommended the Rosses place the funds in a "secure account" and informed the Rosses that the Government could "do whatever they wanted" with regards to the Rosses accounts.[13]

This Court is persuaded by the reasoning of *United States v. $688,670.42 seized from Regions Bank Acct. XXXXXX5028; and $49,603.68 seized from Regions Bank Acct. XXXXXX5540*.[14] In that case, the court found that a check-cashing company, which accepted fraudulently obtained funds and deposited them into bank accounts from which they were subsequently seized by the government, was not an "innocent owner" under 18 U.S.C. § 983(d).[15] The court reasoned that the company's conduct, in attempting to disguise the funds by funneling

---

[13]Docket No. 166 Ex. D, at 2.

[14]759 F. Supp. 2d 1341 (N.D. Ga. 2010).

[15]*Id*. at 1349.

them into two bank accounts that it maintained in the name of another entity, evinced complicity in, or at least willful blindness to, the underlying unlawful activity. [16]

Here, Mr. Gotay professes that he was not attempting to disguise the Rosses' funds,[17] and yet, he intentionally placed all of the Rosses' remaining liquid assets in a bank account exclusively in his name. Moreover, he placed the funds in an account at a bank in which neither he nor the Rosses had any other accounts.[18] The Court finds that Mr. Gotay's efforts to make the $381,000 secure manifest, at the very least, complicity in, or willful blindness to, the underlying unlawful activity. Therefore, the Court finds that Mr. Gotay is not an innocent owner for purposes of 18 U.S.C. § 983(d).

For the reasons provided above, the Court finds as a matter of law that Mr. Gotay is not an innocent owner because he had reason to believe that the $381,000 was subject to forfeiture.

B.   MOTION TO STRIKE

The Government asserts that AFB's Verified Claim should be stricken.[19] Subsequent to the filing of the Government's Motion to Strike, the Court issued an order to show cause, giving AFB fourteen days to inform the Court as to the status of the case and its intentions to proceed.[20] AFB filed a response to the Court's order to show cause, indicating that it does not have a valid

---

[16]*Id.*

[17]*See* Docket No. 166, at 6-8.

[18]*See id.* Ex. C & Docket No. 164-1, at 100-02.

[19]*See* Docket No. 161.

[20]Docket No. 174.

basis to dispute the Government's arguments and "the motion of the [Government] to Strike the Claim of American First Builders may be granted."[21]  Based on AFB's non-opposition and concession, the Court will grant the Government's Motion to Strike.

## IV. CONCLUSION

It is therefore

ORDERED that the Government's Motion for Summary Judgment Against Funds Seized from Home Savings Bank Account # (Redacted) 8618 in the Name of Paul Gotay of at least $381,000 (Docket No. 163) is GRANTED.  It is further

ORDERED that the Government's Motion to Strike the Claim of American First Builders (Docket No. 161) is GRANTED.  The Clerk of Court is instructed to close this case forthwith.

DATED   November 15, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21]Docket No. 175.